# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1156V
Filed: May 4, 2017

* * * * * * * * * * * * *
PAULA PASQUINELLI,      *     UNPUBLISHED
                                  *
        Petitioner,              *     Decision on Joint Stipulation;
v.                                      *     Anaphylactic Reaction, Weakness,
                                  *     Parsonage Turner Syndrome, Peripheral
SECRETARY OF HEALTH        *     Neuropathy, and Transverse Myelitis
AND HUMAN SERVICES,        *     ("TM"); Influenza ("Flu"), Hepatitis A
                                  *     ("Hep A"), Hepatitis B ("Hep B"), Polio,
        Respondent.            *     and Diphtheria-Tetanus-acellular Pertussis
                                  *     ("DTaP") Vaccines.
* * * * * * * * * * * * *

*Mark T. Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Adriana R. Teitel, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On November 26, 2014, Petitioner ("Mr. Pasquinelli," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from vaccine-induced anaphylactic reaction, weakness, Parsonage Turner Syndrome, peripheral neuropathy, and transverse myelitis as a result of receiving an influenza, hepatitis A, hepatitis B, polio, and Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccinations on January 12, 2012. *See* Stipulation, filed May 4, 2017, at ¶¶ 1-4. Respondent denies that petitioner's alleged injuries and their residual effects were caused-in-fact or significantly

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

aggravated by her vaccine.  Respondent further denies that the vaccines caused petitioner any other injury or her current condition.  *Id*. at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On May 3, 3017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.  Respondent agrees to issue the following payment:

> **A lump sum of $35,000.00 in the form of a check payable to petitioner, Paula Pasquinelli.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAULA PASQUINELLI,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 14-1156V<br>Special Master Roth<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Paula Pasquinelli ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of influenza, hepatitis A, hepatitis B, polio, and Tetanus-diphtheria-acellular pertussis vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received her immunizations on January 12, 2012.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered from vaccine-induced anaphylactic reaction, weakness, Parsonage Turner Syndrome, peripheral neuropathy, and transverse myelitis that was caused-in-fact or significantly aggravated by her January 12, 2012 vaccines. Petitioner further alleges that she experienced the residual effects of her injuries for more than six months.

---

[1] Petitioner also received the typhoid vaccine, which is not covered under the Vaccine Program.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged injuries and their residual effects were caused-in-fact or significantly aggravated by her vaccines. Respondent further denies that the vaccines caused petitioner any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $35,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on January 12, 2012, as alleged by petitioner in her petition for vaccine compensation filed on November 26, 2014, in the United States Court of Federal Claims as petition No. 14-1156V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccinations caused petitioner to suffer an vaccine-induced anaphylactic reaction, weakness, Parsonage Turner Syndrome, peripheral neuropathy, transverse myelitis, or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Paula Pasquinelli*
PAULA PASQUINELLI

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Mark T. Sadaka*
MARK T. SADAKA
Sadaka Associates LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07361
(201) 266-5670

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ Narayan Nair*
NARAYAN NAIR, MD
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: May 4, 2017